FAIRMONT HOME FURNITURE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30540.  Promulgated June 29, 1931.

*J. V. Blair, Jr., Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

OPINION.

TRUSSELL: Respondent has determined an overassessment in respect to petitioner of $63.39 for 1922 and deficiencies of $5,453.77 for 1923 and $4,430.34 for 1924. Petitioner's appeal asks redetermina-

tion for all three of these years, but at the hearing, upon motion of respondent, the appeal is as to 1922 dismissed for lack of jurisdiction, there being no deficiency determined for that year.

Several errors were assigned by petitioner, but at the hearing all but one were abandoned. This remaining issue is in respect to respondent's disallowance of certain deductions representing alleged bad debts claimed by petitioner.

The petitioner is a West Virginia corporation, with principal office at Fairmont, and was engaged during the taxable years in selling furniture and other merchandise, mainly upon the installment plan. It kept a separate account with each customer, showing the dates and amounts of the several debits and credits and, when any one of such accounts was determined to be not collectible, such fact and the reason therefor, together with the date on which such information had been ascertained, was noted upon the face of the account. The uncollectible accounts were allowed to remain open upon the books and were not ruled off or closed by entry charging off the balance. The accounts receivable ledgers contained loose leaves, and in 1929 the leaves containing the uncollectible accounts were removed from the ledgers and segregated in a separate holder. The several accounts receivable ledgers contained in all an average of about 1,400 open accounts. In accounting for repossession of merchandise from customers who had defaulted, petitioner valued the merchandise recovered and credited the account of the customer with that value, leaving open the balance of the account, with notation that the merchandise had been repossessed. Petitioner endeavored to promptly ascertain and record the fact of uncollectibility of an account in order to save collection expense and for the information of its credit manager.

Petitioner's accounts were not well kept. Merchandise inventories were taken yearly and valued at cost. It was customary to make up balance sheets for the purposes of the board of directors in which the assets were revalued and these balance sheets were entered upon the minutes. The accounts receivable reported on these balance sheets were made up of the good and doubtful accounts, those deemed to be uncollectible being not included.

Petitioner filed returns for the taxable years upon the installment sales basis, no consideration being given therein to bad debts. These returns reported net income of $2,250.85 for 1923 and a loss of $9,487.24 for 1924. These returns were investigated in 1926 by a revenue agent, the accounting records being examined for the years 1922 to 1925, inclusive. This agent rejected the method of computing percentage of gross profit derived in collections which was used in the returns, assigning as his reason for the rejection that the

computation included sales for cash and sales on credit to whole-salers. The agent recommended the computation of income upon the accrual basis, stating that there were some 1,400 individual open accounts receivable and it would be practically impossible to analyze them and determine the factors necessary for computation of the rate of gross profit upon installment sales, and reported that the cost of goods sold could not be separately determined for the differ-ent classes of sales. For purposes of computing income this agent accepted the balance sheets entered upon the minutes, corrected by adjustment of the merchandise inventories and adjustment for capi-tal transactions and for nondeductible items. The increase or de-crease of net worth in each of the years as so computed was accepted by him as the net income received or the loss sustained in such years. The deficiencies here in question have been determined upon this basis. Subsequent to this examination petitioner's records were damaged by fire and water and are now undecipherable.

Petitioner accepts the adjustment by respondent of its accounts to an accrual basis and the only issue now presented is its right to deduct in each of the years certain uncollectible accounts alleged to have been ascertained to be worthless in those years.

Respondent makes three objections to such allowance, the first being that these accounts receivable are not shown to have been previously reported as income, but in this it has been overlooked that the installment sales method of reporting income has been rejected, and that the accrual method substituted results in the inclu-sion in income of all of the sales in the years when made. In other words, the adjustment of the accounts to the accrual basis eliminates from income of the years before us sales made in prior years and on which the unpaid balances are claimed by petitioner to have been ascertained to be uncollectible and charged off in the taxable years under review. If these amounts represent income for prior years, as claimed by respondent, petitioner's right to deduct as bad debts these uncollectible balances can not be denied merely because re-spondent has not made what would be an idle gesture in carrying further his adjustment to determine correct income for the prior years in question, and determine probable deficiencies in tax uncol-lectible because of the running of the statute of limitations. By respondent's adjustment of accounts to the accrual basis these par-ticular accounts receivable are held to have represented income of the years in which the sales were made and respondent can not hold them to be income for those years and at the same time deny peti-tioner the rights that accrue to him by such allocation. Respondent's objection as framed is that these accounts are not shown to have been

included in income, but, when analyzed, it would seem to be merely that the income represented thereby is not shown to have been taxed. If subject to tax a deficiency may be determined and collected if not barred by the limitation of the statute, and, if barred, such condition has no bearing on petitioner's right to deduct from gross income in later years such of these accounts as then became worthless and were charged off.

We think that these accounts, if worthless, are properly deductible from income if so determined and charged off in the taxable years here involved.

Respondent's second contention is that the determination of worthlessness must have been arrived at within the taxable year in which the deduction is sought. Upon this point we think the evidence is satisfactory that these accounts were uncollectible and that fact was definitely ascertained and entered upon the records within the taxable year for which petitioner asks deduction.

Respondent's other contention is that these accounts were not charged off within the taxable year, but after careful consideration of the record we are satisfied that the accounts under consideration were clearly and unmistakably recorded to be worthless in the year for which the deduction is asked by a procedure consistent with the method of accounting followed by petitioner. Moreover, worthless accounts were eliminated from the balance sheets prepared each year and entered upon the minutes and which have been accepted and used as the basis for the reconstructed accounts for each year in determining these deficiencies. We think the respondent has failed to give due consideration to the fact that the books were kept on a so-called installment sales basis and in all fairness the intention of the petitioner must govern rather than a rule of bookkeeping under a different method of accounting to which the accounts were subsequently adjusted.

We conclude that the uncollectible accounts here in question in the total of $31,996.32 for 1923, and $25,637.20 for 1924, as set out in petitioner's Exhibit No. 4, are properly allowable as deductions from income for those years. Such deductions will result in no net income remaining and there are consequently no deficiencies for 1923 and 1924.

> *Decision will be entered of dismissal of the petition as to 1922 for lack of jurisdiction, and of no deficiencies for 1923 and 1924.*